UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
JOHN L. EDWARDS,

                Plaintiff,

       -against-

ELMHURST HOSPITAL CENTER,

                Defendant.
----------------------------------------------------------x

**MEMORANDUM AND ORDER**
15-CV-4830 (RRM) (PK)

ROSLYNN R. MAUSKOPF, United States District Judge.

On August 14, 2015, *pro se* plaintiff John L. Edwards filed the instant complaint alleging violations under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.* ("ADEA"), and the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* ("ADA"). Edwards' request to proceed *in forma pauperis* ("IFP") is granted solely for the purpose of the instant Order. For the reasons set forth below, Edwards' complaint is dismissed without prejudice, and the Court grants Edwards thirty (30) days leave to amend. Edwards is directed to show cause within thirty (30) days why the Court should not bar the acceptance of any future *in forma pauperis* complaints Edwards may submit for filing against Elmhurst Hospital Center.

## BACKGROUND

Edwards filed the Court's form complaint and checked boxes indicating that the discriminatory conduct of which he complains includes failure to hire, termination of employment, failure to accommodate a disability, unequal terms and conditions of employment, retaliation, and "fail[ure] to file SH900 log forms." (Compl. (Doc. No. 1) at 4 (ECF pagination).) Edwards indicated that he is a 52-year-old African American. He also checked the

1

box indicating he was discriminated against based on disability and wrote: "9/21/2011 chest injury vertigo, 8/12/2010 ongoing case." (*Id.*) Edwards' statement of facts alleges in its entirety that the Associate Director of Elmhurst Hospital Center refused to file workers' compensation reports and on the job injury reports in a timely manner. (*Id.* at 5 (ECF pagination).) On June 18, 2015, the EEOC issued Edwards a Dismissal and Notice of Rights letter, stating that "[b]ased upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes." (*Id.* at 7 (ECF pagination).)

## STANDARD OF REVIEW

Under 28 U.S.C. § 1915, a district court shall dismiss an *in forma pauperis* action if it determines that the action (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). An action is "frivolous" when either: "(1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (internal quotation marks omitted).

When a party is proceeding *pro se*, the Court is required to read the pleadings liberally and hold them to a less stringent standard than formal pleadings drafted by lawyers. *See Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191–93 (2d Cir. 2008) (citing *Erickson v. Pardus*, 551 U.S. 89 (2007)). However, even a *pro se* complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Id.* The Federal Rules of Civil Procedure do not require "detailed factual allegations," but demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

## DISCUSSION

### I. <u>**Employment Discrimination Claims**</u>

Claims of employment discrimination under Title VII, the ADA, and the ADEA are assessed using the burden-shifting framework established by the Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). *See Mills v. S. Conn. State Univ.*, 519 F. App'x 73, 74–75 (2d Cir. 2013) (applying *McDonnell Douglas* framework to Title VII discrimination claim); *Gorzynski v. JetBlue Airways Corp*, 596 F.3d 93, 106–07 (2d Cir. 2010) (applying *McDonnell Douglas* framework to ADEA age discrimination claim); *Sista v. CDC Ixis N. Am., Inc.*, 445 F.3d 161, 169 (2d Cir. 2006) (applying *McDonnell Douglas* framework to ADA disability discrimination claim). Under this framework, a plaintiff bears the initial burden of establishing a *prima facie* case of discrimination. *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 506 (1993); *see also Ruiz v. Cty. of Rockland*, 609 F.3d 486, 491 (2d Cir. 2010).

To establish a *prima facie* case of employment discrimination under Title VII, a plaintiff

3

must show that: (1) he belongs to a protected class; (2) he was qualified for the position in question; (3) he suffered an adverse employment action; and (4) the adverse employment action occurred under circumstances giving rise to an inference of discrimination. *Mills*, 519 F. App'x at 75; *Sethi v. Narod*, 12 F. Supp. 3d 505, 522 (E.D.N.Y. 2014). To establish a *prima facie* case of discrimination under the ADA, a plaintiff must show that "(1) the defendant is covered by the ADA; (2) plaintiff suffers from or is regarded as suffering from a disability within the meaning of the ADA; (3) plaintiff was qualified to perform the essential functions of the job, with or without reasonable accommodation; and (4) plaintiff suffered an adverse employment action because of his disability or perceived disability." *Kinneary v. City of New York*, 601 F.3d 151, 155–56 (2d Cir. 2010) (citations omitted); *Ugactz v. United Parcel Serv., Inc.*, No. 10-CV-1247, 2013 WL 1232355, at *7 (E.D.N.Y. Mar. 26, 2013) (quoting *Kinneary*, 601 F.3d at 155–56). To establish a *prima facie* case of age discrimination under the ADEA, a plaintiff must demonstrate "(1) that she was within the protected age group, (2) that she was qualified for the position, (3) that she experienced adverse employment action, and (4) that such action occurred under circumstances giving rise to an inference of discrimination." *Gorzynski*, 596 F.3d at 107; *Ugactz*, 2013 WL 1232355, at *15 (quoting *Gorzynski*, 596 F.3d at 107).

Edwards fails to adequately plead facts sufficient to make a *prima facie* case that he was discriminated against in a manner actionable under Title VII, the ADEA, or the ADA. Edwards simply alleges that a supervisor failed to submit workers' compensation forms presumably related to a claim that Edwards filed. Even under the most liberal construction of Edwards' allegations, he provides no facts that could possibly connect any adverse employment action to a protected status. *See Arista Records LLC v. Doe 3*, 604 F.3d 110, 120–21 (2d Cir. 2010)

4

(although *Twombly* and *Iqbal* did not impose a heightened pleading standard in employment discrimination cases, enough facts must still be pleaded to make plaintiff's claim plausible).

**II.        Litigation History**

Edwards has a long history of filing non-meritorious employment discrimination actions against defendant Elmhurst Hospital Center. Prior to filing the instant action, Edwards had filed nine such lawsuits in this Court. *See Edwards v. Elmhurst Hosp. Center*, No. 01-CV-3018 (NG) (stipulation and order of settlement and discontinuance signed May 21, 2004); *Edwards v. Elmhurst Hosp. Center*, No. 06-CV-6859 (RRM) (order dated August 31, 2009, granting defendant's motion for summary judgment); *Edwards v. Elmhurst Hosp. Center*, No. 07-CV-2452 (RRM) (order dated July 16, 2010, granting defendant's motion for summary judgment); *Edwards v. Elmhurst Hosp. Center*, No. 08-CV-3686 (RRM) (order dated September 21, 2010, granting defendant's motion for summary judgment); *Edwards v. Elmhurst Hosp. Center*, No. 09-CV-1679 (RRM) (order dated September 21, 2010, granting defendant's motion for summary judgment); *Edwards v. Elmhurst Hosp. Center*, No. 11-CV-4693 (RRM) (order dated March 6, 2013, adopting the Report and Recommendation dated February 15, 2013, and dismissing the action with prejudice); *Edwards v. Elmhurst Hosp. Center*, No. 11-CV-5348 (RRM) (order dated March 6, 2013, adopting the Report and Recommendation dated February 4, 2013, and dismissing the action with prejudice); *Edwards v. Elmhurst Hosp. Center*, No. 11-CV-5349 (RRM) (order dated March 6, 2013, adopting the Report and Recommendation dated February 4, 2013, and dismissing the action with prejudice); *Edwards v. Elmhurst Hosp. Center*, No. 13-CV-985 (RRM) (order dated June 24, 2013, dismissing with prejudice Edwards' amended complaint for failure to state a claim upon which relief may be granted).

In the June 24, 2013 Memorandum and Order in *Edwards v. Elmhurst Hospital Center*, No. 13-CV-985, the Court warned Edwards that he could be subject to a filing injunction and/or the imposition of monetary sanctions if he continued to file baseless actions against defendant, noting that:

> [p]laintiff has engaged in repeated baseless actions against defendant during the course of his employment. It is clear that multiple unfavorable outcomes in plaintiff's actions have not dampened his need to litigate the termination of employment with defendant. Plaintiff's continued filing of baseless complaints against defendant has been and continues to be a waste of limited judicial resources and will not continue to be tolerated.

*Edwards v. Elmhurst Hosp. Center*, 13-CV-985 (RRM) (Doc No. 8 at 6 citing *Lau v. Meddaugh*, 229 F.3d 121, 123 (2d Cir. 2000) ("The district courts have the power and obligation to protect the public and the efficient administration of justice from individuals who have a history of litigation entailing vexation, harassment and needless expense to other parties and an unnecessary burden on the courts and their supporting personnel."); *Pandozy v. Tobey*, 335 F. App'x 89, 92 (2d Cir. 2009).) That warning has apparently gone unheeded.

## CONCLUSION

In light of Edwards' *pro se* status, Edwards is granted thirty (30) days from the date of this Order to replead his employment discrimination complaint to correct the deficiencies noted above. The amended complaint must include a short, plain statement of facts sufficient to support a plausible claim that his former employer discriminated against him in violation of Title VII, the ADEA, or the ADA. The amended complaint must be captioned as an "Amended Complaint" and bear the same docket number as this Order.

In addition, Edwards is hereby directed to show cause in writing, within thirty (30) days

of the date of this Order, why the Court should not bar the acceptance of any future *in forma pauperis* complaints Edwards may submit for filing against Elmhurst Hospital Center.

No summons shall issue at this time and all further proceedings shall be stayed until Edwards has complied with this Order. If Edwards fails to file an amended complaint within thirty (30) days, the instant action shall be dismissed and judgment shall enter. If Edwards fails to show cause within the time allotted, he shall be barred from filing any future *in forma pauperis* complaints against Elmhurst Hospital Center without first obtaining leave of the Court. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is directed to mail a copy of this Order to Edwards at the address listed for him on the docket, and note the mailing on the docket.

SO ORDERED.

*Roslynn R. Mauskopf*

_____
ROSLYNN R. MAUSKOPF
United States District Judge

Dated: Brooklyn, New York
      August 8 ,2016